UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DEWOLF,<br><br>    Plaintiff,<br><br>    v.<br><br>TRINITY HOPE ASSOCIATES, L.L.C.,<br><br>    Defendant. | Case No. 15-cv-06270-KAW<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 14 |

Plaintiff Vernon DeWolf moves for default judgment against Defendant Trinity Hope Associates, LLC for violations of the California Rosenthal Act and the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in unfair and deceptive practices. The Court held a hearing on the motion on September 1, 2016, where Defendant did not appear.

Since Defendant, by the virtue of being in default, has not consented to the undersigned, the Court reassigns this case to a district judge and recommends that Plaintiff's motion be GRANTED.

## I.   BACKGROUND

### A.   Facts

Defendant is a North Carolina limited liability company engaged in the business of collecting debts, including in California. (Compl. ¶ 8, Dkt. No. 1.) Defendant sent Plaintiff a collection letter, dated April 21, 2015. (Compl. ¶ 12; DeWolf Decl. ¶ 3, Dkt. No. 14-3.) The collection letter stated that Plaintiff owed the amount of $713.06 to Acute Care Surgical Medical, a California business, and that Plaintiff had ten (10) days to pay the debt in full. (Compl., Exh. 1.)

The April 21, 2015 collection letter was the first written communication from Defendant to Plaintiff in connection with the alleged debt. (Compl. ¶ 15.) The collection letter did not include a notice describing the debtor's rights under the California Rosenthal Act and the FDCPA, as required by California Civil Code § 1812.700. (Compl. ¶ 16.) Defendant failed to provide within five days of the April 21, 2015 letter a written notification containing a statement that unless Plaintiff disputed the validity of the debt within thirty days after receipt of that notice, Defendant would assume the debt was valid. (Compl. ¶ 16.) Defendant also failed to provide within five days of the April 21, 2015 letter a written notification containing a statement that if Plaintiff notified Defendant in writing of any dispute, Defendant would obtain verification of the debt or a copy of a judgment against the consumer and that a copy of such verification or judgment would be mailed to the consumer by the Defendant, or that Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor. (Compl. ¶ 16.)

### B.    Procedural History

On December 29, 2015, Plaintiff filed a complaint against Defendant, alleging violations of the FDCPA and the California Rosenthal Act. (Compl. ¶ 1.) On January 12, 2016, Abelardo Maldonado served Defendant by delivering the complaint and summons to Solomon Yang, Assistant CEO, at 103 Fairway Avenue, Hudson, North Carolina 28638. (Affidavit of Process, Dkt. No. 7.) 103 Fairway Avenue is the principal office and regular office address listed as Defendant's corporate address on the North Carolina Secretary of State database. (*See* NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE, https://www.sosnc.gov/Search/profcorp/7916492 (last visited Aug. 19, 2016).) Mr. Maldonado is over the age of 21 and not a party to this action. (Affidavit of Process.) The notarized Affidavit of Process was filed with the Court on January 20, 2016. Plaintiff also mailed the complaint and summons to Trinity Hope Associates, LLC to the same North Carolina address. (Certificate of Service, Dkt. No. 10.) Defendant failed to answer, and Plaintiff served Defendant with the request for entry of default. (Dkt. No. 11-2.) Defendant's default was entered on March 3, 2016. (Dkt. No. 12.) Plaintiff then filed his motion for default judgment on June 30, 2016. (Mot., Dkt. No. 14.) The motion for default judgment was served on Defendant via mail that same day. (Dkt. No.

14-5.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987).

## III.   DISCUSSION

### A.   Jurisdictional Requirements

#### i.   Subject Matter and Personal Jurisdiction

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. (*In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties").) In his complaint, Plaintiff alleges violations of a federal statute, the FDCPA, 15 U.S.C. § 1692 *et seq.* This Court thus has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331(a). This Court has supplemental jurisdiction to decide the related state law claims under 28 U.S.C. § 1367.

Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First,

the exercise of jurisdiction must satisfy the requirements of the applicable long-arm statute. Second, the exercise of jurisdiction must comport with federal due process. (*Dow Chem. Co. v. Calderon,* 422 F.3d 827, 830 (9th Cir. 2005).) The applicable long-arm statute is California's. California's long-arm statute permits local courts to exercise personal jurisdiction to the extent allowed by the Due Process Clause of the California and United States Constitutions. (Cal. Civ. Proc. Code § 410.10. Federal Due Process requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. (*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).)

There are two types of personal jurisdiction – general and specific. The Ninth Circuit applies the following three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir. 2004).

In this case, Defendant sent a collection letter to Plaintiff. (Compl., ¶¶ 12, 13.) Plaintiff resides in Contra Costa County, California. (Compl., ¶ 7.) Although the collection letter at issue was sent to a Texas address, Defendant was attempting to collect on a debt that Plaintiff had incurred in California, on behalf of a California business. In short, Defendant consummated a transaction with a California business in order to collect a debt from Plaintiff, a California resident. This lawsuit arises from Defendant's contacts with this district. The Court concludes that there is personal jurisdiction.

### ii. Venue

The Court finds that venue is proper because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). The collection letter was received by

4

Plaintiff in California; therefore, "[t]he harms suffered by Plaintiff were felt in the [Northern] District, where he resides, which under the Ninth Circuit, is enough to satisfy the 'substantial part of the events' test." *Sapan v. Dynamic Network Factory, Inc.*, Case No. 13-cv-1966-MMA (WVG), 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013); *see also Bates v. C&S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (finding venue where collection letter was sent to different state but eventually forwarded to the plaintiff when residing in the venue).

### iii. Service of Process

This case was filed on December 29, 2015, and Defendant was served with the summons and complaint on January 12, 2016 by Abelardo Maldonado, an employee of LaRue & Rogers Investigations, LLC from Hickory, North Carolina. Mr. Maldonado is over the age of 21 and not a party to this action. The notarized Affidavit of Process was filed with the Court on January 20, 2016. (Affidavit of Process.) Defendant failed to answer, so Plaintiff served defendant with the request for entry of default. (Dkt. No. 11-2.) Defendant's default was entered on March 3, 2016. (Dkt. No. 12.) The motion for default judgment and supplemental briefing have also been served on Defendant. (Dkt. Nos. 14-5, 23-3.)

### B. *Eitel* Factors

An analysis of the *Eitel* factors establishes that a default judgment is appropriate in this case.

### i. *Eitel* Factor 1: Possibility of Prejudice to Plaintiff

If Plaintiff is not granted relief in this case, he will likely be left without other recourse. Such potential prejudice to the plaintiff militates in favor of granting a default judgment. See *PepsiCo., Inc v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002).

### ii. *Eitel* Factors 2 and 3: Plaintiff has a Meritorious Claim which is Sufficiently Alleged in the Complaint

To state a claim under both the California Rosenthal Act and the FDCPA, Plaintiff must show: 1) he is a consumer; 2) the debt arises out of a transaction entered into for personal purposes; 3) the defendant is a debt collector; and 4) the defendant violated one of the provisions of the FDCPA or Rosenthal Act. *Freeman v. ABC Legal Servs., Inc.,* 827 F. Supp. 2d 1065, 1071

(N.D. Cal. 2011) (citing *Creighton v. Emporia Credit Serv.,* 991 F. Supp. 411, 414 (E.D. Va. 1977).

### a. FDCPA

Defendant violated 15 U.S.C. § 1692g(a), which provides in part:

> **(a) Notice of debt: contents:** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, a debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff has alleged that he is a consumer, defendant is a debt collector, and the debt was a consumer debt. (Compl. ¶¶ 7, 8, 10.) Defendant sent Plaintiff the collection letter attached to the Complaint as Exhibit "1." (Compl. ¶ 12) This letter was the first communication Plaintiff received from Defendant. (Compl. ¶ 15) Defendant failed to provide written notification containing the disclosures required by 15 U.S.C. § 1692g within five days of this initial communication, such as how to dispute the debt and how to obtain verification of the debt. (Comp. ¶ 16)

### b. Rosenthal Act

The Rosenthal Act provides that notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions

of Sections 1692b to 1692j of the FDCPA. Cal. Civil Code §1788.17. Plaintiff has alleged that he is a consumer, defendant is a debt collector, and the debt was a consumer debt. (Compl. ¶¶ 36-38.) As discussed above, defendant violated 15 U.S.C. § 1692g by failing to provide certain required disclosures. By doing so, defendant also violated California Civil Code § 1788.17.

Defendant also violated the Rosenthal Act by failing to include the "Consumer Collection Notice" required by California Civil Code § 1812.700(a) in their first written notice initially addressed to plaintiff. That section provides in part that third-party debt collectors subject to the federal Fair Debt Collection Practices Act shall provide a notice to debtors that shall include the following description of debtor rights:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This description was not provided by the collection letter. (*See* Compl, Exh. 1.) Thus, the Court finds that Defendant violated the Rosenthal Act.

### iii. *Eitel* Factor 4: The Sum of Money at Stake

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; see also *Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Freligh v. Roc Asset Solutions, LLC*, Case No. 16-cv-653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016) (citing *Eitel*, 782 F.2d at 1472). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014). Here, Plaintiff seeks $2,000 in statutory damages under the FDCPA and the

7

Rosenthal Act, and $5,885 in attorney's fees and costs. "Because this amount is neither substantial nor unreasonable and the statutory damages are tied to Defendant's misconduct, the fourth factor weighs in favor of default judgment." *Freligh*, 2016 WL 3748723, at *6; *see also Evans v. Creditor's Specialty Serv. Inc.*, Case No. 15-cv-3355-BLF, 2016 WL 730277, at *2 (N.D. Cal. Feb. 24, 2016) (granting default judgment in FDCPA and Rosenthal Act case where Plaintiff sought maximum statutory awards and attorney's fees because "this amount is neither substantial nor unreasonable and the statutory damages are tied to Defendant's misconduct").

### iv. *Eitel* Factor 5: Low Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the court with well-pleaded allegations supporting his claims. Moreover, because Defendant has not appeared in this lawsuit, the court has no way to know if any of the facts alleged in the complaint would be disputed if this matter were litigated on the merits. This factor thus does not weigh against entry of a default judgment. *See, e.g. Elektra Entm't Group Inc. v. Crawford,* 266 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is only a remote possibility that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.,* 219 F.R.D. at 500; *PepsiCo, Inc.,* 238 F.Supp.2d at 1177.

### v. *Eitel* Factor 6: Plaintiff Has No Reason to Suspect Defendant's Failure to Respond is Due to Excusable Neglect

Plaintiff personally served Defendant with the summons and complaint. (Dkt. No. 10.) Moreover, Plaintiff served Defendant by mail with notice of his application for default judgment. (Dkt. No. 14-5.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant failed to appear in this action. Thus, the record supports a conclusion that Defendant has chosen not to defend this action, and not that the default resulted from excusable neglect. Accordingly, this *Eitel* factor favors the entry of a default judgment.

### vi. *Eitel* Factor 7: Strong Policy Favoring Decisions on the Merits

Defendant was given an opportunity to have this dispute decided on the merits, but did not respond to the Complaint. Defendant's failure to respond makes a decision on the merits

impractical. The policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits is outweighed by the other *Eitel* factors.

### vii. Conclusion

The Court concludes that the *Eitel* factors favor the entry of default judgment. Accordingly, the Court recommends that the District Court judge GRANT Plaintiff's motion for default judgment.

### D. RELIEF

Pursuant to the FDCPA, a prevailing plaintiff may receive up to $1,000.00 in statutory damages. 15 U.S.C. § 1692k(a)(1). Statutory damages are available under the FDCPA "without proof of actual damages." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 781 (9th Cir. 1982). In determining the amount of statutory damages, "the court shall consider, among other relevant factors. . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . ." 15 U.S.C. § 1692k(b).

The Rosenthal Act provides that a debt collector who willfully and knowingly violates the statute's provisions shall face liability "for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." "Remedies under the FDCPA and the [Rosenthal Act] are cumulative and penalties may be awarded under both statutes." *Page v. Performance Debt Resolution*, No. C-12-4029 EDL, 2013 WL 621197, at *5 (N.D. Cal. Jan. 30, 2013).

The maximum statutory damage award available under the FDCPA is a modest $1,000.00 per case.[1] Courts have therefore awarded the maximum amount for violations similar to those in this case. For example, in *Rivera v. M.A.B.,* 682 F. Supp. 174 (W.D.N.Y. 1988), the court awarded the maximum $1,000.00 because the FDCPA-required validation notice appeared on the back of a letter, in relatively small print, with no reference to it on the front of the letter. Thus, even though the notice was accurate, the court determined a $1,000.00 award was appropriate.

---

[1] The FDCPA was adopted in 1978. Adjusting for inflation, $1,000.00 in 2014 dollars is a mere $277.71 in 1978 dollars.

1   Similarly, in *Tolentino v. Friedman,* 46 F.3d 645 (7th Cir. 1995) the Seventh Circuit upheld the

2   maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had

3   been violated.  In that case the debt collector had included a disclosure required by 15 U.S.C. §

4   1692e(11) in its initial notice, but had failed to include it in a subsequent notice.  In this case, the

5   collection letter contained none of the required notices regarding how to dispute or obtain

6   verification of the debt.  The maximum amount of statutory damages under the FDCPA of

7   $1,000.00 and the Rosenthal Act of $1,000.00 is appropriate.

8   Plaintiffs also request $7,425.00 in attorney's fees.  (Dkt. No. 19, "Supp. Price Decl.," ¶ 3,

9   Exh. B; Dkt. No. 27, "Third Supp. Price Decl.," Exh. C.)  The FDCPA and the Rosenthal Act

10  permit an award of reasonable attorney's fees. *See* 15 U.S.C. § 1692k(a)(3) (debt collector liable

11  "in the case of any successful action to enforce the foregoing liability, [for] the costs of the action,

12  together with a reasonable attorney's fee as determined by the court."); Cal. Civ. Code §

13  1788.30(c) ("Reasonable attorney's fees, which shall be based on time necessarily expended to

14  enforce the liability, shall be awarded to a prevailing debtor; ....").  The Ninth Circuit has stated:

> District courts must calculate awards for attorney's fees using the "lodestar" method, and the amount of that fee must be determined on the facts of each case.  The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

20  *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations omitted).

21  Here, counsel spent a total of 16.5 hours in attorney time in this case.  (Supp. Price Decl.,

22  Exh. B; Third Supp. Price Decl., Exh. C.)  This case was filed on December 29, 2015 and

23  proceeded by way of default.  The Court finds that the hours worked by counsel were reasonable.

24  Further, counsel's hourly rate of $450.00 is reasonable in the Northern District of California for

25  this type of case.  See, e.g., *Palmer v. Far West Collection Servs., Inc.,* 2008 WL 5397140 (N.D.

26  Cal. Dec. 18, 2008) (court found in 2008 fees in successful FDCPA action for three attorneys at

27  rates of $325 and $465 per hour).  Finally, the Court finds that the $485 in costs, which included

28  the filing fee and service of process, are reasonable.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown, the Court RECOMMENDS that Plaintiff DeWolf's motion for default judgment against Defendant Trinity Hope Associates, LLC be GRANTED and that default judgment be entered against Defendant in the amount of $9,910.00 ($2,000 in statutory damages; $7,425.00 in attorney's fees; and $485.00 in costs).

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

Plaintiffs shall serve a copy of this report and recommendation on Defendant.

IT IS SO RECOMMENDED.

Dated: November 22, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge